UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Marc C. Capone, Esq.
Gillman Bruton Capone Law Group
60 Highway 71
Spring Lake Heights, NJ 07762
(732) 528-1166
Fax (732) 528-4458
mcapone@gbclawgroup.com

*Attorneys for Debtor*

| | |
|---|---|
| IN RE:<br><br>SPECTACULAR SOLAR, CORP.,<br>    DBA BLUE GREEN SOLAR INC.,<br>    DBA DC SOLAR INTEGRATORS LLC,<br><br>                                    Debtor. | Chapter 11<br><br>Case No.: 22-18522-CMG<br>Honorable Christine M. Gravelle |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is entered into between Spectacular Solar, Corp., d/b/a Blue Green Solar Inc., d/b/a DC Solar Integrators LLC Debtor and Debtor-in-Possession (the "**Debtor**") and Kapitus LLC ("**Kapitus**," and together with the Debtor, the "**Parties**"); and

**WHEREAS**, On October 27, 2022 (the "**Petition Date**") the Debtor filed with this Court a voluntary petition for relief under Chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et. seq. (the "**Bankruptcy Code**"). Pursuant to Bankruptcy Code §§ 1107 and 1108; and

**WHEREAS**, the Debtor has remained in possession of its assets and the operation of its business pursuant to Section 1106 of the Bankruptcy Code; and

**WHEREAS**, Kapitus timely filed claim number 11-1 on December 30, 2022, asserting a secured claim upon all of the Debtor's assets in the amount of $313,639.06 based upon

1

l

obligations arising under two Future Receivables Factoring Agreements dated June 11, 2020 and December 9, 2020 and between DFH Associates Inc. d/b/a Spectacular Solar and Kapitus (the "Parties"), as modified by a Modification Agreement entered into on April 8, 2021 (all, collectively, the "Factoring Agreements") and the Security Agreements between the Parties dated the same dates (collectively, the "Security Agreements", and along with the Factoring Agreements and all related agreements, collectively, the "Agreements"); and

**WHEREAS**, Kapitus asserts that the Kapitus Claim is secured by a lien upon all of the Debtor's assets, which the Debtor disputed;

**NOW, THEREFORE**, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed between the Debtor and Kapitus as follows:

1. The Kapitus Claim is fixed, bifurcated, and allowed as follows: a) a secured claim in Class 2 of the Debtor's Plan of Reorganization (the "Plan") in the amount of $223,000.00 (the "Secured Claim"); and b) a general unsecured claim in Class 4 of the Plan in the amount of $90,639.06 (the "Unsecured Claim").

2. The Secured Claim shall be paid as follows: a) $25,000 on the Effective Date (as defined in the Plan and/or Confirmation Order, as defined below); and b) the balance ($198,000) to be paid in 44 equal monthly installments of $4,500 on the first of each month by ACH, until such time that $198,000 (the "Monthly Installments") has been paid to Kapitus. The Debtor shall provide Kapitus with a voided check and written authorization allowing Kapitus to ACH debit from the account set forth on the voided check in accordance with the Monthly Installment payment schedule set forth herein. The Debtor has previously authorized Kapitus to ACH debit its account for its monthly payments to Kapitus under the Agreements and hereby confirms that

2

agreement with respect to all future Monthly Installment payments being made from any and all of the Debtor's accounts.

3. The Secured Claim shall be secured by valid, unavoidable, enforceable, and properly perfected liens (the "Kapitus Liens") upon all of the Debtor's assets, all of which the Debtor hereby acknowledges and agrees are not subject to defense or offset of any kind. In the Plan and the order confirming the Plan (the "Confirmation Order"), the Secured Claim shall be secured, post-confirmation, by all of the Debtor's assets including those described in the Security Agreements and Kapitus's UCC Financing Statements filed against the Debtor and/or any relevant d/b/a's, including No. 51733834 filed on June 16, 2020 and December 9, 2020 with the State of New Jersey, Department of the Treasury, Division of Revenue & Enterprise Services, UCC Section (all, collectively, the "Kapitus UCC"). The Secured Claim and Kapitus Liens shall be deemed to continue to be perfected as of the date of entry of the Confirmation Order without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. Kapitus is authorized, but not required, to file a new post-confirmation UCC financing statement at its expense to continue the perfection of the prepetition security interests described in the Kapitus UCC.

4. All of Kapitus's rights and interests against, and in, the Debtor and its assets under this Stipulation shall be hereby expressly preserved, along with the Kapitus Claim (plus attorneys' fees and costs) and the Kapitus Liens, until such time as Kapitus timely receives all payments on account of the Kapitus Claim in accordance with the terms of this Stipulation ("Payments"). Any failure by the Debtor to timely make all Payments to Kapitus pursuant to the terms herein, the Plan, and the Confirmation Order shall be an Event of Default. If the Debtor fails to cure an Event of Default as to such Payments within thirty days after being given written

notice of default from Kapitus, then Kapitus may:

> i. Seek such relief as may be appropriate in the Bankruptcy Court to allow it to enforce its agreed upon secured lien against the Debtor's assets and may recover attorney's fees and costs as may be awarded by the Bankruptcy Court.

5. Nothing herein shall be deemed to operate as a release, waiver, abrogation, modification, or novation of any of Kapitus's claims against the Debtor's CEO, Douglas Heck (the "Guarantor"), or under his Guarantees dated June 11, 2020 and December 9, 2020 of the obligations owing under the Agreements (the "Guarantees"). Kapitus reserves all of its rights, remedies, claims and causes of action arising out of or relating to the terms of the Guarantees, which shall not be limited or otherwise affected in any way by this Stipulation, the Plan, or the Confirmation Order.

6. The Debtor shall incorporate the terms of this Stipulation into its Plan, and provided that the Stipulation is so incorporated, Kapitus shall be deemed to vote in favor of confirmation of the Plan.

7. With respect to Kapitus, the Plan and/or Confirmation Order shall not release or discharge: a) the Guarantor from any liability owed to Kapitus under the Guarantees; or b) any other non-Debtor entity or person (including but not limited to Douglas Heck, DFH Associates Inc., Star Power Services Limited Liability Company, Solar Energy Investors Fund LLC, and DC Solar Integrators LLC) from any liability or obligations owed to Kapitus under the Agreements.

8. Debtor represents, acknowledges, and agrees that it neither holds nor possesses any avoidance, preference, fraudulent conveyance, or other claims, causes of action, or defenses

against Kapitus, including but not limited to claims under 11 U.S.C. 506(c), that all such claims, if any, are hereby waived and released, and that it will not prosecute or pursue any such claims. Upon execution of this Stipulation, confirmation of the Plan (as amended to incorporate this Stipulation), and timely payment of all of the Payments, Kapitus shall have no further claims against the Debtor.

9. Should the Debtor file another bankruptcy petition before completing the terms of this Stipulation, the Kapitus Claim and Kapitus Liens will have no lower priority in any subsequent bankruptcy than they do in this case as set forth herein.

10. This Stipulation shall be incorporated into the Plan and shall control the treatment of the Kapitus Claim and the Kapitus Liens in this case. In the event of a conflict between the terms of this Stipulation, the Plan, and the and/or Confirmation Order, the terms of this Stipulation shall be controlling.

11. The Debtor shall take all actions and execute and deliver any and all documents reasonably necessary to carry out the intent of its agreement for the treatment of the Kapitus Claim and the Kapitus Liens as set forth herein in the Plan and/or Confirmation Order including, without limitation, to maintain the perfection of the Kapitus Liens and with respect to the obligations under the Security Agreements (at Kapitus' expense), and with respect to its obligations under the Plan and the Confirmation Order.

12. Any and all notices or communications to be made under this Stipulation must be made in writing, and sent via first class mail or email to each Party and with an email copy to their identified counsel at the respective addresses set forth below:

| To Debtor:<br>c/o Marc C. Capone, Esq.<br>Gillman Bruton Capone Law Group<br>60 Highway 71 | |

5

5

| Spring Lake Heights, NJ 07762<br>(732) 528-1166<br>Fax (732) 528-4458<br>mcapone@gbclawgroup.com | |
|---|---|
| **To Kapitus:**<br>Kapitus LLC<br>120 West 45thStreet, 4th Fl<br>New York, NY 10036<br>Attn.: SVP/Deputy General Counsel<br>generalcounsel@kapitus.com | **With a copy to:**<br>Matthew V. Spero, Esq.<br>Rivkin Radler LLP<br>926 RXR Plaza<br>Uniondale, NY  11556-0926<br>matthew.spero@rivkin.com |

13. This Stipulation constitutes the entire understanding between the Parties regarding the subject matter herein only. No modifications, additions or other changes to this Stipulation shall be enforceable absent a writing signed by the Parties.

14. This Stipulation may be executed in one or more counterparts, all of which together shall constitute one original. Facsimile or electric signatures shall constitute originals.

15. The provisions of this Stipulation shall survive any subsequent order and shall remain in full force and effect unless expressly modified by such subsequent order.

16. This Stipulation and any order regarding this Stipulation shall be binding upon any subsequently appointed Chapter 11 or Chapter 7 Trustee in bankruptcy, and any successors, assigns or other persons claiming by or through the Debtor.

17. The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Stipulation and any order thereto.

18. This Stipulation is subject to the review and approval of the United States Bankruptcy Court, via its incorporation into a confirmed Plan. The Debtor agrees to utilize reasonable efforts to obtain such approval. In the event the Debtor is unable to obtain such approval, the terms of this Stipulation will be void.

IN WITNESS HEREOF, the Parties hereto have duly executed this Stipulation as of the

date written below.

|  |  |
|---|---|
| Dated: ~~February~~ March 8, 2023 | **Gillman Bruton Capone Law Group,**<br>Attorneys for Debtor<br><br>By: _____<br>Marc G. Capone, Esq. |
| Dated: February __, 2023<br>03/06/2023 | **Kapitus LLC**<br><br>By: _____<br>Holly Falkowitz (DocuSigned)<br>Holly Falkowitz, Esq.,<br>SVP and Deputy General Counsel |

7