| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>GILLMAN, BRUTON & CAPONE, LLC<br>60 Highway 71, Unit 2<br>Spring Lake Heights, NJ 07762<br>(732) 528-1166<br>Attorney for Debtor- In-Possession<br>MARC C. CAPONE MC4795 | |
| In Re:<br><br>**Spectacular Solar, Inc.** | Case No.: **22-15822**<br><br>Judge: Christine M. Gravelle<br><br>Chapter: **11** |

**APPLICATION OF THE DEBTOR-IN-POSSESSION TO ASSUME OR REJECT EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. §365**

Spectacular Solar, Inc. , (hereinafter "Debtor"), hereby makes this application, by and through its attorneys, for Assumption of Lease pursuant to 11 U.S.C. §365 and says:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey dated September 18, 2012 (Simandle, C.J.). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory and legal predicates for the relief sought herein is section and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "Bankruptcy Code"), Rules 6003, 6004, 7004, and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. The Debtor is a small business hat operates solar installation business in New Jersey.

4. On October 27, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

5. The Debtor, Spectacular Solar, Inc. has been operating under the current name since 2019.

6. The Debtor is operating its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the filing of this Motion, no request has been made for the appointment of a trustee or examiner and no statutory committee has been appointed in the Chapter 11 Cases.

**EXECUTORY CONTRACTS TO BE ASSUMED**

**Commercial Lease**

7. On or around January 14, 2022, the Debtor entered into a Business and Commercial Lease with Cragwood Investments LLC ("Landlord") for the premises known as 50 Cragwood Road, Suite 101, South Plainfield, New Jersey. (the "Lease"). The Lease was for the term of 3 years and began on February 1, 2022. A copy of said Lease is annexed hereto as **Exhibit A**.

8. The Lease provides for monthly payments which are currently about $2,384.96 per month.

**Solar Panel Installation Agreements**

**Alan Erickson**

9. On or around October 13, 2021, the Debtor entered into a contract with Alan Erickson ("Property Owners") to perform solar panel installation services on property located at 9 Grant Ave., Fords, NJ. A copy of the Contract is annexed hereto as **Exhibit B**.

4888-3891-9255, v. 1

10. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

11. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

**Allied Energy LLC**

12. On or around September 25, 2020, the Debtor entered into a contract with Allied Energy, LLC ("Property Owners") to perform solar panel installation services on property located at 33 Commerce Road, Carlstadt, NJ. A copy of the Contract is annexed hereto as **Exhibit C**.

13. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

14. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

**Charles Auletta**

15. On or around December 10, 2021, the Debtor entered into a contract with Charles Auletta ("Homeowners") to perform solar panel installation services on property located at 478 Daniels Ave., Trenton, NJ. A copy of the Contract is annexed hereto as **Exhibit D**.

16. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

17. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

**Days Inn-Amelia Associates**

18. On or around August 5, 2019, the Debtor entered into a contract with Days Inn-Amelia Associates ("Property Owners") to perform solar panel installation services on

property located at 3000 Boardwalk, Atlantic City, NJ. A copy of the Contract is annexed hereto as **Exhibit F**.

19. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

20. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

**Doing It Right Technologies**

21. On or around June 21, 2021, the Debtor entered into a contract with Doing It Right Technologies ("Property Owners") to perform solar panel installation services on property located at 182 Howell Street, Jersey City, NJ. A copy of the Contract is annexed hereto as **Exhibit G**.

22. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

23. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

**Halo**

24. On or around October 27, 2021, the Debtor entered into a contract with Halo ("Property Owners") to perform solar panel installation services on property located at 111 Towns Square Place, Jersey City, NJ. A copy of the Contract is annexed hereto as **Exhibit H**.

25. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

26. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

**Jimmy Costa**

27. The Debtor entered into a contract with Jimmy Costa ("Property Owners") to perform solar panel installation services on property located at 50 Stanley Street, Little Falls, NJ.

28. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

29. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

**John Novack**

30. On or around October 11, 2021, the Debtor entered into a contract with John Novack ("Property Owners") to perform solar panel installation services on property located at 3117 Oceanic Drive, Toms River, NJ. A copy of the Contract is annexed hereto as **Exhibit I**.

31. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

32. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

**Jon Miller Car Care Center**

33. On or around December 30, 2021, the Debtor entered into a contract with Jon Miller Car Care Center ("Property Owners") to perform solar panel installation services on property located at 330 E. Main Street, Tuckerton, NJ. A copy of the Contract is annexed hereto as **Exhibit J**.

34. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

35. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

**Joseph Battiato**

36. On or around August 12, 2020, the Debtor entered into a contract with Joseph Battiato ("Property Owners") to perform solar panel installation services on property located at 198 NJ-45, Salem, NJ. A copy of the Contract is annexed hereto as **Exhibit K**.

37. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

38. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

**Kalpesh Corporation-a/k/s Cherry Hill Liquors**

39. On or around February 1, 2021, the Debtor entered into a contract with Kalpesh Corporation("Property Owners") to perform solar panel installation services on property located at 156 E. Evesham Road, Cherry Hill, NJ. A copy of the Contract is annexed hereto as **Exhibit L**.

40. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

41. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

**Powur Home Construction**

42. On or around August 21, 2022, the Debtor entered into a contract with Powur Home Construction ("General contractor") to perform solar panel installation services on property located at 415 Hickory Street, Kearny, NJ 07032, NJ.

43. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

44. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes

assumption of this contract is necessary for it to effectively reorganize its business.

### Retro Fitness

45. On or around September 2020, the Debtor entered into a contract with Retro Fitness ("Property Owners") to perform solar panel installation services on property located at 75 Sparta Ave., Dover, Nj 07871, NJ. A copy of the Contract is annexed hereto as **Exhibit E**.

46. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

47. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

### Ryan Caltabiano

48. On or around November 6, 2017, the Debtor entered into a contract with Ryan Caltabiano ("Property Owners") to perform solar panel installation services on property located at 376 Glassboro Road, Monroeville, NJ. A copy of the Contract is annexed hereto as **Exhibit M**.

49. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

50. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

### Ten West Apparel Corporation

51. The Debtor entered into a contract with Ten West Apparel Corporation ("Property Owners") to perform solar panel installation services on property located at 415 Weston Canal Road, Somerset, NJ. A copy of the Contract is annexed hereto as **Exhibit N**.

52. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

53. The Debtor must assume this contract so it may complete the solar panel

installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

### Yasir Ahmed

54. On or around April 20, 2015, the Debtor entered into a contract with Yasir Ahmed ("Property Owners") to perform solar panel installation services on property located at 79 Ogle Road, Old Tappan, NJ. A copy of the Contract is annexed hereto as **Exhibit O**.

55. The property owner owes a small balance from the solar panel installation work and has now requested an addition to the solar panel system, thus work will be ongoing under the original contract.

56. The Debtor must assume this contract so it may complete the solar panel installation services on the site and/or collect any payment due to it. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

### Elevated Remodeling, LLC

57. On or around August 24, 2021, the Debtor entered into a Solar Array Purchase Agreement with Elevated Remodeling, LLC ("Purchaser") to sell a solar array system. A copy of the Contract is annexed hereto as **Exhibit P**.

58. The Purchaser owes payments on the solar array system and Debtor has remaining obligations to operate and maintain the solar array system.

59. The Debtor must assume this contract so it may continue to collect payment and continue to maintain the system in accordance with the Agreement. The Debtor believes assumption of this contract is necessary for it to effectively reorganize its business.

## EXECUTORY CONTRACTS TO BE REJECTED

### Shakti Group

60. On or around December 27, 2021, the Debtor entered into a contract with Shakti Group ("Property Owners") to perform solar panel installation services on property located at 2900 E. State Street, Hamilton Township, NJ. A copy of the Contract is annexed hereto

as **Exhibit Q**.

61. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

62. The Debtor in its business judgment intends to reject this contract as it is burdensome to the estate and of no value. The Debtor believes rejection of this contract is necessary for it to effectively reorganize its business.

**Elevated Remodeling, LLC**

63. On or around August 13, 2021, the Debtor entered into a Master Services Agreement with Elevated Remodeling, LLC ("Subcontractor") to perform roofing and siding services on behalf of Debtor and Debtor would perform solar installation on Subcontractor's behalf. A copy of the Contract is annexed hereto as **Exhibit R**.

64. There is still solar panel installation work ongoing and/or payments required on work performed by the Subcontractor. Subcontractor has filed a claim in the within chapter 11 proceeding.

65. The Debtor in its business judgment intends to reject this contract as it is burdensome to the estate and of no value. The Debtor believes rejection of this contract is necessary for it to effectively reorganize its business.

**Chenna Real Estate LLC**

66. On or around September 2020, the Debtor entered into a contract with Chenna Real Estate LLC ("Property Owners") to perform solar panel installation services on property located at 75 Sparta Ave., Dover, NJ 07871. A copy of the Contract is annexed hereto as **Exhibit E**.

67. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

68. The Debtor in its business judgment intends to reject this contract as it is burdensome to the estate and of no value. The Debtor believes rejection of this contract is necessary for it to effectively reorganize its business.

**Nareen Adusumelli**

69. On or around September 2020, the Debtor entered into a contract with Nareen Adusumelli ("Property Owners") to perform solar panel installation services on property located at 75 Sparta Ave., Dover, NJ 07871. NJ. A copy of the Contract is annexed hereto as **Exhibit E**.

70. There is still solar panel installation work ongoing and/or payments required on work completed by the Debtor.

71. The Debtor in its business judgment intends to reject this contract as it is burdensome to the estate and of no value. The Debtor believes rejection of this contract is necessary for it to effectively reorganize its business.

## Assumption and/or Rejection of the Unexpired Lease and Executory Contracts Should Be Authorized Pursuant to Section 365 of the Bankruptcy Code

57. Section 365(a) of the Bankruptcy Code authorizes a debtor in possession to assume and assign an executory contract or unexpired lease subject to Court approval. Section 365(b) of the Bankruptcy Court requires a debtor in possession to satisfy certain requirements at the time of assumption if a default exists under the contract to be assumed.

58. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). By enacting section 365(a) of the Bankruptcy Code, Congress intended to allow a debtor to assume those leases/contracts that benefit the estate, and to reject those that are of no value or are burdensome to the estate. See *Cinicloa v. Scharffenberger*, 248 F.3d 110, 119 (3d Cir. 2001); *In re Whitcomb & Keller Mortgage Co., Inc.*, 715 F.2d 375, 379 (7th Cir. 1983).

59. It is well established that decisions to assume or reject executory contracts or unexpired leases are matters within the "business judgment" of the debtor. See *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (noting that "[i]n determining whether a debtor may be permitted to reject an executory contract, courts usually apply the

business judgment test. Generally, absent a showing of bad faith, or an abuse of discretion, the debtor's business judgment will not be altered") (citations omitted). See also *Sharon Steel Corp. v. National Fuel Gas Dist Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984). Accordingly, courts approve the assumption or rejection of an executory contract or unexpired lease unless evidence is presented that the debtor's decision to assume or reject was "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *In re Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986). Indeed, to impose more exacting scrutiny would slow a debtor's reorganization, thereby increasing its cost and undermining the "Bankruptcy Code's provisions for private control" of the estate's administration. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985).

60. The Debtor is current with all its obligations under the Lease and has made all post-petition rental payments in a timely manner. The Debtor is continuing its installation work on various contracts set forth above and many of them are near completed and the Debtor is only waiting for final payment of its invoice.

61. According to the terms of the Lease, the Debtor's filing of the within Chapter 11 petition does not create an event of default.

62. Adequate business justification exists to merit judicial approval of the proposed assumption and/or rejection of the Lease and Executory Contracts. The Lease and the Executory Contracts are valuable assets of the Debtor's estate and the inclusion of such Assumed Lease and Executory Contracts will serve to allow the Debtor to continue to operate its business with no interruption at a reasonable monthly rate and will allow the Debtor to continue its operations and collect revenue necessary for its successful reorganization. Rejection of the Executory Contract specified herein is necessary as the contract is burdensome to the estate and will hinder the Debtor's ability to reorganize. Accordingly, the Debtors respectfully request that the Bankruptcy Court approve the assumption and assignment of the Assumed Contracts.

4888-3891-9255, v. 1

WHERFORE, the Debtor prays that this Court enter an order authorizing the Debtor to Assume and/or Reject the specified Lease and Executory Contracts consistent with the provisions of 11 U.S.C. §365.

                                                  GILLMAN, BRUTON & CAPONE, LLC

                                                  Attorneys for Spectacular Solar, Inc.,
                                                  Debtor in Possession

Dated: March 16 2023                            By: **/s/ Marc C. Capone, Esq.**
                                                               MARC C. CAPONE, ESQ.